### In re MUSHA CAY LITIGATION

**Janet L. Melk, et al. v. David Copperfield, D. Nevada, C.A. No. 2:04-59**

**John J. Melk, et al. v. Jeffrey Berkman, S.D. New York, C.A. No. 1:04-683**

**No. 1619.**

Judicial Panel on Multidistrict Litigation.

Aug. 11, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN,* Judges of the Panel.

---

* Judge Hansen took no part in the decision of this matter.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of two actions pending in the District of Nevada and the Southern District of New York, respectively.[1] The defendant in the Nevada action and the defendant in the New York action jointly move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Nevada. Plaintiffs have not responded to the motion.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Nevada will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The two MDL–1619 actions arise from the same underlying commercial transaction and share claims of fraud and misrepresentation occurring in connection with the common plaintiffs' sale of an island they owned in the Bahamas. No party has opposed the request for Section 1407 transfer. We conclude that centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ In concluding that the District of Nevada is an appropriate forum for this docket, we note that the Nevada district, where the first-filed MDL–1619 constituent action is proceeding apace, is a district equipped with the resources that this docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action in this litigation pending in the Southern District of New York is transferred to the District of Nevada and, with the consent of that court, assigned to the Honorable Kent J. Dawson for coordinated or consolidated pretrial proceedings with the action pending in that district.

---

1. The Panel has been notified of an additional related action recently removed to the Southern District of Florida. In light of the Panel's disposition of this docket, this action will be treated as potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).